IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN W. CROMEANS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN KEEGAN & COMPANY, )<br>INC., )<br>)<br>Defendants/Third-Party )<br>Plaintiff )<br>)<br>v. )<br>)<br>PELLEGRINO & ASSOCIATES, LLC )<br>)<br>Third-Party Defendant. )<br>)<br>*Return Service Requested* ) | No. 2:12-CV-04269-NKL |

**DEFENDANT/THIRD PARTY PLAINTIFF MORGAN KEEGAN'S THIRD PARTY COMPLAINT AGAINST PELLEGRINO & ASSOCIATES, LLC**

COMES NOW Defendant/Third-Party Plaintiff Morgan Keegan & Company, pursuant to Fed. R. Civ. P. 14(a), and for its Third-Party Complaint against Third-Party Defendant Pellegrino & Associates, LLC, states as follows:

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

1.  Defendant/Third-Party Plaintiff Morgan Keegan & Company ("Morgan Keegan") is a corporation organized under the laws of the State of Tennessee and authorized to conduct business in the State of Missouri.

1

2. Third-Party Defendant Pellegrino & Associates, LLC ("Pellegrino") is a corporation organized under the laws of the State of Indiana, with its principal place of business located at 10333 N. Meridian Street, Suite 150, Indianapolis, Indiana, 46290.

3. Plaintiff John W. Cromeans ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court for Cole County, Missouri, against Morgan Keegan and other defendants, a true and accurate copy of which is attached hereto as Exhibit A. Morgan Keegan removed this action based upon federal question jurisdiction.

4. The claims asserted in this Third-Party Complaint also arise out of the same facts and circumstances as those of the original Complaint, and the Court has supplemental jurisdiction over this Third-Party Complaint under the provisions of 28 U.S.C. §1367(a).

5. This Court also has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00.

6. Venue is proper pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the underlying claims occurred in this judicial district, and the underlying claims filed by Plaintiff are pending in this judicial district.

7. Plaintiff alleges in his Complaint that Morgan Keegan, acting as the bond underwriter for a certain series of Bonds issued by the Industrial Development Authority of the City of Moberly ("Authority" or "Issuer"), failed to perform thorough due diligence of the economic development project to be financed by the Bonds. (Complaint, ¶¶32-38). In particular, Plaintiff accuses Morgan Keegan of failing to detect certain fraudulent statements made by Mamtek International, Ltd. ("Mamtek") and its President Bruce Cole ("Cole") regarding Mamtek's intentions and qualifications to construct a multi-million-dollar sucralose

manufacturing facility in the City of Moberly ("City"), which was to be financed, in part, through the Authority's bond offering.

8. Plaintiff further alleges that, on or about July 23, 2010, Morgan Keegan provided prospective Bond purchasers, including Plaintiff, with the Issuer's Official Statement, in which Morgan Keegan made certain representations about the Bond offering. (Complaint, ¶42). Plaintiff alleges that the Issuer's Official Statement was inaccurate in that it misrepresented the value of the collateral securing the Bonds, which included certain intellectual property and existing contracts owned by Mamtek. (*See* Complaint, ¶¶48-49, 53-54).

9. Third-Party Defendant Pellegrino, as well as Plaintiff and all others who read, or who are deemed under the law to have read, the Issuer's Official Statement, including but not limited to all of the Third-Party Defendants in this case and the City, the Authority and their Bond Counsel and Financial Advisor Cunningham, Vogel & Rost, P.C. ("CV&R"), knew and understood that (1) the representations in the Issuer's Official Statement were the representations of the *Authority* – and **not** the representations of Morgan Keegan – and (2) Morgan Keegan reviewed the information "and reasonably believes[d] such information to be accurate and complete, but [did] **not guarantee** the accuracy or completeness of such information":

> THE UNDERWRITER HAS PROVIDED THE FOLLOWING SENTENCE FOR INCLUSION IN THIS OFFICIAL STATEMENT: THE UNDERWRITER HAS REVIEWED THE INFORMATION IN THIS OFFICIAL STATEMENT IN ACCORDANCE WITH AND AS PART OF ITS RESPONSIBILITIES TO INVESTORS UNDER THE FEDERAL SECURITIES LAWS AS APPLIED TO THE FACTS AND CIRCUMSTANCES OF THIS TRANSACTION AND REASONABLY BELIEVES SUCH INFORMATION TO BE ACCURATE AND COMPLETE, BUT THE UNDERWRITER DOES NOT GUARANTEE THE ACCURACY OR COMPLETENESS OF SUCH INFORMATION.
>
> THE AUTHORITY HAS HEREBY DEEMED THE INFORMATION CONTAINED HEREIN TO BE "FINAL" AS OF ITS DATE FOR PURPOSES OF RULE 15c2-12 OF THE SECURITIES AND EXCHANGE COMMISSION (THE *"RULE"*).

10. With regard to Third-Party Defendant Pellegrino, Plaintiff alleges in his Complaint:

    (a) Prior to issuing the Bonds, Pellegrino & Associates, LLC ("Pellegrino"), a boutique valuation company, was retained to value Mamtek's IP and the Xibo contract in order to determine whether the Security had sufficient value to protect the interest of the City and, ultimately, the Bond purchasers in the event that Mamtek defaulted on its obligations to pay down the Bonds. In its Report, Pellegrino valued the Xibo contract at almost $45,000,000.00. Pellegrino valued Mamtek's IP (including its "cookbook") at more than $7,000,000.00 (Complaint, ¶48).

    (b) Although the actual "valuation" figure for the Security were not included within the Offering Statement or Bond Documents, Morgan Keegan cited the Pellegrino report in its Preliminary Statement, Supplement, and Offering Statement, noting that Pellegrino had valued the Security and the Security was being held in escrow so that, "[I]n the event of default by (Mamtek), the escrow agent would release the Security to the City, thereby allowing the City to provide for the continued operation of the Project." (Complaint, ¶49).

11. Upon information and belief, Pellegrino entered a contract with the City of Moberly undertaking a duty to accurately value the security offered by Mamtek in support of the City's bond offering ("Pellegrino Contract"). Pursuant to the Pellegrino Contract and under its own industry standards, Pellegrino analyzed value of the collateral securing the Bonds, which included certain intellectual property and existing contracts owned by Mamtek ("Mamtek Security"), and provided the City with a report setting forth its findings to be used for the purpose of completing the Bond offering ("Pellegrino Report").

12. Pellegrino was aware that Morgan Keegan, as the bond underwriter, would rely on the Pellegrino Report as it was assisting in the preparation of the Issuer's Official Statement.

13. On or about July 21, 2010, the City provided Morgan Keegan with a copy of the Pellegrino Report to be used by Morgan Keegan in the preparation of the issuer's Official Statement.

14. The Issuer's Official Statement specifically provides:

4

> The Security has been appraised by Pellegrino & Associates, LLC. The report titled "Mamtek International Limited Intellectual Property Portfolio Appraisal Services Report" with an effective date of June 28, 2010, is available from the Underwriter upon request and the execution of a non-disclosure agreement by the recipient. (Official Statement, p. 24).

15. As a bond underwriter, Morgan Keegan reasonably relied on the assessment of third-party valuation company Pellegrino, and the findings set forth in the Pellegrino Report, in completing its due diligence and assisting in the preparation of the Issuer's Offering Statement.

16. If Morgan Keegan has any liability to Plaintiff by reason of the allegations set forth in Plaintiff's Complaint, or otherwise, then Third-Party Defendant Pellegrino is liable to Morgan Keegan for all or part of any sum or liability that might be assessed against or imposed upon Morgan Keegan in connection with or arising out of any damages alleged by Plaintiff.

## COUNT I – INDEMNITY/JOINT & SEVERAL LIABILITY

17. Morgan Keegan incorporates Paragraphs 1 through 16 of its Third-Party Complaint as if fully set forth herein.

18. In Counts I, II and III of the Complaint, Plaintiff asserts negligent underwriting, negligent misrepresentation and fraudulent misrepresentation claims against Morgan Keegan, alleging that the Issuer's Offering Statement contained untrue and misleading information regarding the Mamtek Security. (Complaint, ¶¶54-56).

19. Morgan Keegan denies that it made any misrepresentations to Plaintiff or to anyone else and further denies that it failed to perform adequate due diligence in connection with its limited role as underwriter.

20. To the extent that Morgan Keegan is found liable for negligent underwriting, negligent misrepresentation, or fraudulent misrepresentation, as set forth in Plaintiff's Complaint, then Morgan Keegan is entitled to indemnity from the Third-Party Defendants (including Third-

5

Party Defendant Pellegrino) as a result of Third-Party Defendant Pellegrino negligently providing inaccurate information in the Pellegrino Report.

21. In Count IV of the Complaint, Plaintiff asserts claims under Missouri securities laws, alleging that the Issuer's Official Statement contained untrue and misleading information regarding the Mamtek Security.

22. Morgan Keegan denies that it violated Missouri securities laws and that the Issuer's Official Statement contained untrue or misleading information regarding the Mamtek Security for which Morgan Keegan can be held under the law.

23. To the extent that Morgan Keegan is found liable for violating Missouri securities laws, as set forth in Plaintiff's Complaint, then Third-Party Defendant Pellegrino is jointly and severally liable with Morgan Keegan because of its association with the City of Moberly and its materially aid in the discussion and valuation of the security underlying the bonds which was ultimately incorporated into the Issuer's Official Statement of the bonds.

24. To the extent that Morgan Keegan is found liable for violating Missouri securities laws, as set forth in Plaintiff's Complaint, then Morgan Keegan is entitled to indemnity from Third-Party Defendants (including Third-Party Defendant Pellegrino) as a result of Pellegrino negligently providing inaccurate information in the Pellegrino Report.

25. In Counts V and VI of the Complaint, Plaintiff asserts claims for Money Had and Received and Unjust Enrichment, on the basis that the Issuer's Official Statement was deceptive with regard to the value of the Mamtek Security.

26. Morgan Keegan denies that it received any money to which it was not justly and properly entitled and that the Issuer's Official Statement was deceptive, and it further denies that the Issuer's Official Statement contained untrue or misleading information regarding the value of the Mamtek Security for which Morgan Keegan can be held liable under the law.

27. To the extent that Morgan Keegan is found to have been unjustly enriched due to deceptive statements in the Issuer's Official Statement, as set forth in Plaintiff's Complaint, then Morgan Keegan is entitled to indemnity from the Third-Party Defendants (including Third-Party Defendant Pellegrino) as a result of Third-Party Defendant Pellegrino negligently providing inaccurate information in the Pellegrino Report.

28. Morgan Keegan assisted in the preparation of the Issuer's Official Statement in reasonable reliance on the representations of the Third-Party Defendants, including the representations made by Third-Party Defendant Pellegrino in the Pellegrino Report, thereby discharging its duty as underwriter of the Bonds.

29. Pellegrino owed an obligation to the City, to the Authority, to Morgan Keegan and to prospective bond purchasers to provide an accurate analysis of the value of the Mamtek Security.

30. Morgan Keegan fulfilled its obligations as underwriter such that Morgan Keegan should be reimbursed by the Third-Party Defendants (including Third-Party Defendant Pellegrino) for any liability incurred as a result of inaccurate statements contained in the Issuer's Official Statement.

WHEREFORE, Third-Party Plaintiff Morgan Keegan respectfully requests that, in the event that it finds Morgan Keegan liable, as asserted in the Complaint, this Court enter an order awarding Morgan Keegan compensatory damages in accordance with Third-Party Defendant Pellegrino's proportionate share of tort liability, requiring Third-Party Defendant Pellegrino to reimburse Morgan Keegan for its legal fees and expenses that is has incurred and will continue to incur in prosecuting this lawsuit, and granting such other and further relief as this Court deems just and proper.

## COUNT II – CONTRIBUTION

31. Morgan Keegan incorporates Paragraphs 1 through 29 of its Third-Party Complaint as if fully set forth herein.

32. To the extent that Morgan Keegan is found liable to Plaintiff, Third-Party Defendant Pellegrino is the party responsible, in whole or in part, for any misstatements of fact concerning the value of the Mamtek Security that appears in the Issuer's Official Statement, because Third-Party Defendant Pellegrino provided the value analysis specifically cited in the Issuer's Official Statement.

33. Morgan Keegan is entitled to contribution under the Missouri Securities Act from Third-Party Defendant Pellegrino pursuant to R.S.Mo. §409.5-509(h).

34. Morgan Keegan is also entitled to contribution under common-law and R.S.Mo. §537.060 against Third-Party Defendant Pellegrino as a concurrent or joint tortfeasor. This contribution claim may be brought in this Third-Party Complaint for the determination of the relative responsibility of Morgan Keegan and Third-Party Defendant Pellegrino for the injury and damage to Plaintiff, if any.

35. The information contained in the Pellegrino Report is expressly raised as a relevant issue of fact in Plaintiff's Complaint and is essential to the determination of Morgan Keegan's tort liability; therefore, this Court should determine the relative distribution of fault and liability for damages flowing from the alleged torts in a single, consolidated action.

WHEREFORE, Third-Party Plaintiff Morgan Keegan respectfully requests that, in the event that it finds Morgan Keegan liable, as asserted in the Complaint, this Court enter an order awarding Morgan Keegan compensatory damages in accordance with Third-Party Defendant Pellegrino's proportionate share of tort liability, requiring Third-Party Defendant Pellegrino to reimburse Morgan Keegan for its legal fees and expenses that is has incurred and will continue to

8

incur in prosecuting this lawsuit, and granting such other and further relief as this Court deems just and proper.

## **PRAYER**

WHEREFORE, Third-Party Plaintiff Morgan Keegan prays for judgment in its favor against Third-Party Defendant Pellegrino & Associates, LLC for its actual and consequential damages in an amount exceeding $75,000, for its costs, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

STINSON MORRISON HECKER LLP

*/s/ Jeremy A. Root*
Charles W. Hatfield, No. 40363
Jeremy A. Root, No. 59451
230 W. McCarty St.
Jefferson City, MO 65101
Tel.: (573) 636-6263
Fax: (573) 636-6231
chatfield@stinson.com
jroot@stinson.com

- and-

Bernard Suter
*Admitted Pro Hac Vice*
KEESAL, YOUNG & LOGAN
450 Pacific Avenue
San Francisco, CA 94133
Tel.: (415) 398-6000
Fax: (415) 981-0136
ben.suter@kyl.com

*Attorneys for Defendant
Morgan Keegan & Company, In.*

**CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing on the following electronically through the CM/ECF system, on this the 7th day of June, 2013.

Richard E. McLeod
The McLeod Law Firm, P.C.
2020 Wyandotte Street
Kansas City, MO 64108
richmcleod@mclaw.com

J. Timothy Francis
James L. North & Associates
Title Building, Suite 700
300 Richard Arrington Jr. Blvd. North
Birmingham, AL 35203
francis@bhm.rr.com

Andrew P. Campbell
Stephen D. Wadsworth
Caroline Smith Gidiere
Leitman, Siegal, Payne & Campbell PC
420 N. 20th Street, Suite 2000
Birmingham, AL 35203
acampbell@lspclaw.com
swadsworth@lspclaw.com
cgidiere@lspclaw.com

*Attorneys for Plaintiff*

Dale C. Doerhoff
Timothy W. Van Ronzelen
Heidi Doerhoff Vollet
Cook Vetter Doerhoff Landwehr
231 Madison Street
Jefferson City, MO 65101
ddoerhoff@cvdl.net
tvanronzelen@cvdl.net
hvollet@cvdl.net
*Attorneys for Defendant*
*Armstrong Teasdale, LLP*

       */s/ Jeremy A. Root*
       Attorney for Defendant
       Morgan Keegan & Company, Inc

DB04/0832104.0004/8841801.2