IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN W. CROMEANS., JR., ) | |
| Individually and on behalf of all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiff, ) | No. 2:12-CV-04269-NKL |
| ) | |
| v. ) | |
| ) | |
| MORGAN KEEGAN & CO., INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendant Morgan Keegan & Co., Inc. moves to strike the report of Hasbrouck Haynes, Jr., the Plaintiffs' expert. Doc. 346. The motion is denied.

**I.      Background**

Haynes is an experienced Certified Public Accountant; is a member of the American Institute of CPAs and the Alabama Society of CPAs; and has testified as an expert in numerous cases since the 1990s. Doc. 325, p. 3. Plaintiffs hired him to compute the damages recoverable under the Missouri Securities Act, resulting from the purchase of the Moberly bonds at issue in this case. *Id.* at p. 2. In preparing his report, Haynes listed the purchases of the bonds, the principal and interest received (and in one case, partially returned due to an overpayment), and calculated interest at 8% on an actual-days basis, both simple and compound. *Id.* at p. 3. He attached a damages schedule and supporting documentation to his report. *Id.* (Exhibit A). Haynes stated in

the report that calculation of interest is something CPAs routinely do, and explained that he performed the calculations using an Excel spreadsheet with formulas that he also manually verified. *Id.* at p. 3.

**II.    Discussion**

*Daubert*[1] principles and Federal Rule of Evidence 702[2] call for liberal admission of expert testimony. *Johnson v. Mead Johnson & Co., LLC,* 754 F.3d 557, 562 (8th Cir. 2014) (citing *U.S. v. Finch,* 630 F.3d 1057, 1062 (8th Cir.2011) (holding that doubts about usefulness of expert testimony are resolved in favor of admissibility); *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1096, 1100 (8th Cir.2006) (holding that expert testimony should be admitted if it "advances the trier of fact's understanding to any degree"); *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir. 2001) (Rule 702 "clearly is one of admissibility rather than exclusion"); *Wood v. Minn. Mining & Mfg. Co.,* 112 F.3d 306, 309 (8th Cir.1997) (holding that exclusion of expert's opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury")). "As long as

---

[1]    *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).
[2]    Fed. R. Evid. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

the expert's…testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross–examination, rather than excluded by the court at the outset." *Id.* (citing *Daubert,* 509 U.S. at 590, 596). Federal trial judges have "broad discretion" in making decisions concerning expert testimony's admissibility. *Bradshaw v. FFE Transp. Servs., Inc.*, 715 F.3d 1104, 1107 (8th Cir. 2013).

Morgan Keegan first argues that a jury could perform the same arithmetic Haynes performed, so his opinion is not "expert," will not assist the jury, and should be stricken. Doc. 347, p. 3. Even if individual calculations are simple, an expert's ability to present calculations from disparate sources in an understandable format can assist a jury and therefore be admissible, particularly in light of the liberal construction of Fed. R. Evid. 702. *Total Control, Inc. v. Danaher Corp.,* 338 F. Supp. 2d. 566, 569-70 (E.D. Pa. 2004). Haynes gathered and organized the data; made adjustments for an overpayment and a sale; then calculated interest at 8% on an actual-days basis, applying both the simple and compound interest methods; and prepared a damages schedule and provided supporting documentation. The Court concludes that such information will advance the trier of fact's understanding to at least some degree.

Morgan Keegan also complains that Haynes failed to rely on the American Institute of Certified Public Accountants' standards in preparing his report, regarding in particular the analysis of risks and uncertainties. Doc. 347, p. 5. Haynes' report is a straightforward one, calculating damages that resulted when the bonds became worthless. Morgan Keegan does not demonstrate that consideration of AICPA standards, including

3

analysis of risks and uncertainties, was in any manner mandatory for purposes of the report Haynes prepared, nor that Haynes' failure to do so makes it fundamentally unsupported or unreliable.

Finally, Morgan Keegan argues that Haynes is not qualified as an expert because his accounting training does not provide a sufficient basis for offering an opinion on damages. Doc. 347, p. 7. A witness may qualify as an expert by knowledge, skill, experience, training or education, Fed. R. Evid. 702, and an accountant may appropriately offer an expert opinion in the form of a damages calculation, *see, e.g.*, *see also Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1121-22 (8th Cir. 2006) (finding no error in admission of CPA's expert testimony on damages). As noted, Haynes prepared a straightforward calculation of the damages that resulted when the bonds became worthless. Such calculation is something CPAs routinely do.

In accordance with *Daubert* and Federal Rule of Evidence 702, the Court in its discretion will err in favor of admissibility of Haynes' report, subject to the report being tested by the adversary process with competing expert testimony and cross–examination.

### III. Conclusion

Defendants' motion to strike Haynes's expert report and declaration, Doc. 346, is denied.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: October 20, 2014
Jefferson City, Missouri