# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN W. CROMEANS, JR., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:12-cv-04269-NKL |
| ) | |
| MORGAN, KEEGAN & COMPANY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND THE
## PLAN OF ALLOCATION AND FOR THE PROVISION OF NOTICE

By Order, dated September 23, 2014, this Court certified a Class consisting of "All persons who purchased Moberly Bonds from July 23, 2010 and September 30, 2011." Doc. 510. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the plaintiffs have moved for an order preliminarily approving the settlement of this action, Doc. 691 (the "Motion"), in accordance with the Stipulation of Settlement among the parties dated March 11, 2015 (the "Stipulation"), which together with the Exhibits annexed thereto, sets forth the terms and conditions of the proposed settlement and dismissal of this case with prejudice. The plaintiffs have also moved for approval of a Plan of Allocation and for approval of the Notice and the method of providing Notice. Unless otherwise stated herein, all defined terms contained herein shall have the same meanings as set forth in the parties' Stipulation, which is attached as an Exhibit to the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. After due considered of the Motion, and consistent with the modifications to which the parties agreed, during the teleconference of April 6, 2015, to the Notice and Claim

forms, Doc. 695, the Court hereby preliminarily approves the Stipulation of Settlement and Plan of Allocation as being fair, just, reasonable and adequate as to the Class Members, subject to further consideration at the Final Approval Hearing described below.  The Court also hereby establishes the content of the Notice and method of providing Notice as described herein.  The Court finds on a preliminary basis that the Stipulation of Settlement filed and incorporated herein by this reference and made a part of this Order of Preliminary Approval is within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court finds preliminarily that the amount offered in settlement is fair, reasonable and adequate to Class Members when balanced against the difficulty and risk of further litigation relating to liability, damages, and potential appeals of rulings. The Court preliminarily finds that adequate discovery, investigation, research, and litigation have been conducted such that counsel for the parties are able to reasonably and intelligently evaluate their respective positions.  The Court preliminarily finds that settlement will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation and that the proposed Settlement has been reached as a result of intensive, serious and non-collusive negotiations between the parties.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on September 9, 2015 at 01:00 PM in District Courtroom 4A, at the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri, 65101, to determine:  (1) whether the Settlement on the terms and conditions provided for in the Stipulation of Settlement should be approved as fair, just, and reasonable; (2) whether a judgment should be entered herein; (3) whether the Action should be dismissed with prejudice; (4) whether the proposed plan to distribute the settlement proceeds set forth in the Stipulation (the "Plan of Allocation") is fair, just, reasonable, and adequate; (5) whether the application by

2

counsel for the Class ("Plaintiffs' Counsel") for an award of attorneys' fees and reimbursement of expenses should be approved; and (6) whether the request by Class Representatives for a Class Representative Enhancement should be approved. The Court may adjourn the Final Approval Hearing without further notice to members of the Class.

3. The Court approves, as to form and content, the Notice of Settlement of Class Action (the "Notice") and the Proof of Claim (the "Claim Form") (where applicable), annexed as Exhibits to the Stipulation and finds that mailing and distribution of the Notice substantially in the manner and form attached to the Stipulation meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Morgan Keegan is hereby authorized to retain the firm of CPT Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims. Once Claim Forms (as required) have been received, Plaintiffs' counsel and the Claims Administrator will determine the net settlement amount available to the Class (Step 1 in the Settlement Stipulation). The Claims Administrator, with the assistance of Plaintiffs' counsel, will then determine the amount of settlement proceeds payable to each Authorized Claimant pursuant to the definitions and procedures set forth in the Stipulation.

5. The Claims Administrator will be responsible for the Settlement Administration process as set forth below. The Claims Administrator shall receive and update contact information for Class Members; proof, edit and distribute the Notice of Settlement; receive and review the Claims Forms submitted by Class Members (to the extent a Claim Form is required under Section III.R.(6) of the Stipulation); re-mail Notice Packets to any Class Members with Notice Packets returned with a forwarding addresses; research, update and re-mail Notice

3

Packets to Class Members with Notice Packets that have been returned marked undeliverable; determine eligibility for payment as an Authorized Claimant and the amount of any such payments (with the assistance of Plaintiffs' counsel, as set forth above); advise the parties with regard to the amounts payable to Authorized Claimants; draft and mail the Settlement Payment checks to the Authorized Claimants described in Section III.R.(6); and perform such other tasks as the Parties mutually agree or the Court orders the Parties to perform.

6. The Claims Administrator shall provide Class Counsel and Defendants' Counsel with a schedule of the proposed Payments prior to the issuance of any settlement payments. Class Counsel and Defendants' Counsel have the right to object to such schedule, any omission therefrom, and/or any such payment, for a period of 14 days after receipt thereof. The parties shall attempt to resolve any dispute arising from any such objection. If a resolution cannot be reached by the parties, the Court retains jurisdiction to resolve any such dispute.

7. Settlement Administration Expenses will be reimbursed by Morgan Keegan.

8. No person shall have any claim against Defendants or their counsel, Plaintiffs, the Class or Plaintiffs' Attorneys based on mailings, distributions and payments made in accordance with this Settlement.

9. Notice Procedures. A Notice of Proposed Settlement in the form attached to the Stipulation ("Notice of Settlement") shall be provided to Class Members, and Class Members shall submit objections to the Settlement, if any, using the following procedures:

(a) Information To Be Provided To Claims Administrator For Class Notice. Within five (5) calendar days of service of the Preliminary Approval Order, Morgan Keegan and Class Counsel shall provide the Claims Administrator with the last known contact information for Morgan Keegan Purchasers who are Class Members. With respect to Non-Morgan Keegan

4

Purchasers, the twelve broker-dealers to whom the original class notice was sent are ordered to within ten (10) calendar days, provide a list to the Claims Administrator of customers who purchased the Moberly Bonds and the following information for each customer: (1) last known contact information, (2) the CUSIP number(s) for Moberly Bonds purchased by each customer, (3) the par value(s) of each of the customer's Moberly Bond purchases, and (4) the date of each customer's Moberly Bond purchase(s). Costs incurred by the broker-dealers in searching their records and/or sending the notification to the Claims Administrator shall be reimbursed by the Claims Administrator. The Proposed Order Re: Instruction to the Broker-Dealers which will accompany the Notice is attached to the Stipulation as Exhibit "C".

(b) Service of Notice. Within forty-five (45) calendar days after service of the Notice of Preliminary Approval Order, the Claims Administrator shall mail the Notice of Settlement and the Claim Form, attached to the Stipulation as Exhibits "A" and "B", respectively, to all identified Class Members via first-class regular U.S. Mail using the most current mailing address information available for Class Members and broker-dealers. If the Claims Administrator determines that a Class Member has more than one address and it cannot reasonably determine which address is the most current, the Claims Administrator shall mail the Notice Packet and/or reminder card to all such addresses.

(c) Returned Notices With Forwarding Address. If the Notice Packet is returned because of an incorrect address with a forwarding address, the Claims Administrator shall update its records and promptly forward the Notice Packet to the addressee via first-class regular U.S. Mail indicating on the resent Original Notice the date when it was re-mailed.

(d) Returned Notices Without Forwarding Address. If a Notice Packet is returned because of incorrect address without a forwarding address, the Claims Administrator

5

shall promptly notify Plaintiffs' and Defendants' Attorneys. The Claims Administrator, the Plaintiffs' Attorneys and Defendants shall search for five (5) days for a more current address, using a computer and/or other search method using the Social Security Number of the individual involved. If new address information is obtained, the Claims Administrator shall promptly forward the Noticed Packet to the addressee via first-class regular U.S. Mail indicating on the resent Notice of Settlement the date when it was re-mailed.

(e) Presumed Receipt. In the event that the procedures in Section III.L.(a)-(d) of the Stipulation are followed, it will be conclusively presumed that the intended recipient received the Notice of Settlement if the Notice of Settlement has not been returned to the Claims Administrator as undeliverable within forty-five (45) calendar days of the mailing or re-mailing.

(f) Claim Form. The Original Notice shall provide that the Class Members who meet the criteria in Section III.R.(6)(b) of the Stipulation and who wish to receive a Settlement Payment must submit a Claim Form by a date certain that is forty-five (45) days after the date the Notice of Settlement is mailed or re-mailed. For any Class Member who was re-mailed a Notice Packet for any reason, the Class Member shall have forty-five (45) days to return the Claim Form from the date of the re-mailing by the Claims Administrator.

(g) Procedure For Objections. The Notice of Settlement shall provide that the Class Members who wish to object to the Settlement must submit to the Court and serve on counsel for Plaintiffs either a written statement objecting to the Settlement or a written notice of intention to appear at the Final Approval Hearing and object ("Objection"). Such Objection must be submitted to the Court and served no later than forty-five (45) days after the date Notice of Settlement is mailed or re-mailed. (This deadline is referred to herein as the "Objection Deadline Date.") Class Members who fail to submit and serve timely written objections or a

notice of intention to appear and object in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Throughout the claims process the Claims Administrator will provide the parties with a report of the persons who have filed claims and persons who have objected to the settlement on a weekly basis. No later than ten (10) court days before the Final Approval Hearing, the Claims Administrator shall provide the Plaintiffs with a Declaration containing a complete and accurate list of all Class Members who have timely objected and an accounting of the mailing process. Possession of appropriate evidence that an Approved Mailing Method was utilized in a timely manner shall be the exclusive means used to determine whether a Class Member has timely objected on or before the Objection Deadline Date. No later than seven (7) court days before the Final Approval Hearing, Plaintiffs shall file Suggestions in support of the Settlement and Final Approval Hearing and Request for Award of Attorneys' Fees and Costs and Class Representative Enhancement Award. The Claims Administrator Declaration shall be filed with the Court along with the Application for Final Approval including all written objections to the Settlement and/or notices of intention to appear and object shall be filed with the Court by no later than seven (7) court days before the Final Approval Hearing.

10. Neither the parties nor their counsel shall solicit or otherwise encourage directly or indirectly Class Members to object to the Settlement or appeal from the Court's Judgment. Defendants shall not discourage, either directly or indirectly, Class Members from submitting a Claim Form.

11. A Final Approval Hearing to determine final approval of the Settlement, Class Representative Enhancement and request for Attorneys' Fees shall be conducted on a date set forth herein. Plaintiffs shall submit an affidavit of Compliance from the Claims Administrator to

the Court for approval regarding the total number of Claims Forms submitted. Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Parties shall present a Judgment and Order Re: Final Approval of Class Action Settlement ("Judgment") to the Court for its approval and entry. After entry of the Judgment, the Court shall have continuing jurisdiction over the Litigation solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Class Final Judgment matters as may be appropriate under court rules or applicable law.

12. Neither the Defendants nor their respective counsel shall have any responsibility for the Plan of Allocation or any application for or reimbursement of attorneys' fees, or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, justness, reasonableness and adequacy of the Settlement.

13. At or after the Final Approval Hearing, the Court shall determine whether (i) the Plan of Allocation proposed by Plaintiffs' Counsel, (ii) any application by Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, or (iii) any application by Class Representative for a Class Representative Enhancement, shall be approved.

14. All costs incurred by the Claims Administrator in connection with identifying and giving Court-approved notice to Class Members, or administering the Settlement Fund, shall be paid by Morgan Keegan and not from the Settlement Fund.

15. Any Final Judgment will permanently bar and enjoin the named plaintiffs and all Class Members from instituting, commencing or continuing, in any capacity, any and all actions or proceedings, of any kind whatsoever, against any of the Defendants based upon, related to, arising from or connected with any of the Class Members' Released Claims (as defined in the Stipulation of Settlement). All such Released Claims shall be declared compromised, settled,

released, dismissed with prejudice and extinguished by virtue of the proceedings herein and the Judgment.

16. If the Stipulation of Settlement is not approved by the Court, is terminated, withdrawn or voided by either of the Settling Parties in accordance with provisions set forth in the Stipulation of Settlement or shall not become effective for any reason whatsoever, this Litigation shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation of Settlement had not been made and had not been submitted to the Court (except as provided in the Stipulation of Settlement), and neither the Stipulation of Settlement nor any provision contained therein nor any action undertaken pursuant thereto nor the negotiation thereof by either of the Settling Parties shall be deemed a presumption, concession or admission by either of the Settling Parties of any fault, liability, or wrongdoing, and shall not be offered as evidence or otherwise used by any person in the Litigation or interpreted, construed, deemed, invoked in any other action or proceeding, whether civil, criminal, or administrative.

17. The Court reserves the right to adjourn the date of the Settlement Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 15, 2015
Jefferson City, Missouri