IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN W. CROMEANS, JR., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:12-cv-04269-NKL |
| ) | |
| MORGAN, KEEGAN & COMPANY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

The parties filed a Joint Stipulation of Settlement and Release between Plaintiffs and Defendants, on March 11, 2015 [Doc. 691-1], and an Order was entered, Preliminarily Approving Settlement and the Plan of Allocation and for the Provision of Notice, on April 15, 2015 [Doc. 697].

On September 9, 2015, pursuant to the terms of the Preliminary Approval Order and Fed. R. Civ. Pro. 23, the Court held the Final Approval Hearing, and took up Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation [Doc. 702] and Motion for an Award of Attorneys' Fees and Expense Reimbursement and for Class Representative Enhancements [Doc. 704].[1] The Court makes the following findings of fact and conclusions of law:

1. Notice of the Final Fairness Hearing was provided to the Class as required by the preliminary approval order. [Doc. 697.]

2. Notice of the Final Approval Hearing was given to the appropriate federal and state officials as required under 28 U.S.C. § 1715.

---

[1] The Hon. Nanette Laughrey referred the Final Approval Hearing to the undersigned United States Magistrate Judge for processing, under the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. Local Rule 72.1.

3. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Class. The "Class" is defined to include all persons and entities who purchased Moberly Bonds from July 23, 2010 through September 30, 2011, with the sole exception of the persons and entities who opted out of the Class and who remain as opt-outs, and are specifically identified in sealed documents filed herein [Docs. 603, 660 and 666]. The Notice of Intent to appear and object, filed by class member APA High Income Opportunity Fund, LP [Doc. 699], was withdrawn at the beginning of the Final Approval Hearing. No other objections or notices of intention to appear and object were submitted.

4. Plaintiffs' claims alleging violations of the Missouri Securities Act and the Missouri common law of negligence were previously certified for class treatment. Defendants deny and, in entering into the Stipulation of Settlement, have not admitted Plaintiffs' allegations.

5. The Stipulation of Settlement was negotiated vigorously and at arm's length by the parties. The settlement arose from a genuine controversy between the parties and not as a result of collusion, and was not procured by fraud or misrepresentation.

6. The Eighth Circuit has held that in determining whether a proposed class action settlement is "fair, adequate, and reasonable," a court should consider the following factors: (i) the merits of the plaintiffs' case, weighed against the terms of the settlement; (ii) the defendants' financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Lost Recovery Fees Litigation*, 396 F.3d 922 (8th Cir. 2005). After due consideration of such factors, the Court finds the terms of the Stipulation of Settlement are a fair, reasonable, and adequate settlement and compromise of the Action. In that regard, the Gross Settlement Fund represents a substantial recovery of class members' investment losses, the Stipulation of Settlement ends this complex and expensive

litigation, and the Class has demonstrated an overwhelming approval of the Stipulation of Settlement. Specifically, with respect to factor (i), Class Counsel estimates that the Gross Settlement Fund will provide Class Members a substantial amount of their purchase price as a result of Morgan Keegan's repurchase of the vast majority of their bonds. With respect to factor (ii), the amount of the settlement was not discounted on the basis of the defendants' respective financial conditions. With respect to factor (iii), this litigation involved many complex issues such as the certification of a nationwide class of bond purchasers on the basis of one state's law, the role and function of underwriters and underwriter's counsel, and their potential liability. Without the settlement, this litigation would have continued through a lengthy trial, post-trial motions, and an appeal. With respect to factor (iv), the Class has shown overwhelming support for the settlement, and the only objection to the settlement was withdrawn at the Final Fairness Hearing.

7. The Plan of Allocation described in the Stipulation of Settlement is fair, reasonable, and adequate.

8. Notice of the Stipulation of Settlement was provided in accordance with the Preliminary Approval Order and other efforts of Class Counsel, and the Court further finds as follows:

> a. Such Notice and the method by which it was provided to the Class was appropriate and reasonable;
>
> b. Such Notice included (i) individual notice to all members of the Class that could be identified through reasonable efforts, (ii) notice to the broker/dealers holding the Bonds in street name as nominees for their respective beneficial owners, and (iii) posting of the Notice on the EMMA website;
>
> c. Such notice provided valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the settlement described in the Stipulation of Settlement, and including

information regarding the procedure for making objections by all persons to whom such notices were directed; and

  d. Such Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Class Counsel has moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as described in *United Healthcare Corp. v. American Trade Ins. Co., Ltd*, 88 F.3d 563 (8th Cir. 1996), the Court makes the following findings of fact and conclusions of law:

  a. There were no objections by Class Members to the requested fee award of one-third of the Settlement Fund;

  b. Class Counsel expended significant time and labor (approximately 6,000 hours) on behalf of the Class;

  c. The magnitude and complexity of the litigation warrant payment to Class Counsel of the amount requested;

  d. Class Counsel undertook numerous and significant risks of non-payment in the representation;

  e. Class Counsel provided the Class with high quality representation;

  f. The "percentage-of-the-fund" method is the preferred method for calculating attorney's fees in common fund actions in this Circuit (*see*  *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999).

  g. The requested fee is reasonable in relation to the settlement;

  h. Public policy considerations support awarding Class Counsel its requested fee award;

  i. Class Members were advised in the Notice of Class Action Settlement, which was approved by the Court, that Class Counsel intended to move for an award of attorney's fees of up to one-third of the gross Settlement Fund, plus reimbursement of reasonable

costs and expenses up to $270,000 incurred in the prosecution of this action, and for Class Representative Enhancements in the amount of $10,000 for each representative;

j.  Class Counsel have now moved for an award of attorney's fees in the amount of one-third of the Settlement Fund, reimbursement of reasonable costs and expenses incurred in the prosecution of this action in the amount of $284,682.51, and Class Representative Enhancements to class representatives, in the amount of $10,000 each which motion has been publicly available on the docket since September 1, 2015; and

k.  In light of factors and findings described above, the requested one-third (33 1/3%) fee award is within the applicable range of reasonable percentage fund awards.

11.  Class Counsel's requested amount of one-third, or $2,750,000 of the Settlement Fund ($8,250,000 million), for payment of attorneys' fees is a fair and reasonable amount in view of the benefits obtained for the Class.

12.  Class Counsel requests $284,682.51 out of the Gross Settlement Fund as reimbursement for the expenses incurred in the prosecution of this lawsuit.  The Court recognizes that this amount exceeds the amount set forth in the Notice, but the Court finds that such increase is not significant or material to the Class.  The Court finds the amount requested for expenses to be fair and reasonably incurred in view of the benefits obtained for the Class.

13.  The Court finds that the Class Representatives, John W. Cromeans, Jr., Robert Benisch, and Elkton Bank and Trust Company provided benefit to the Class by their participation in the Action, and that an award of $10,000 each to John W. Cromeans, Jr., Robert Benisch, and Elkton Bank and Trust Company to be paid from the Gross Settlement Fund, in addition to whatever monies each Class Representative will receive from the Gross Settlement Fund pursuant to the Plan of Allocation, will fairly compensate the Class Representatives for the effort, time, and expense incurred by them in connection with the prosecution of the Action.

5

12. Under the terms of the Stipulation of Settlement, Morgan Keegan is responsible for the fees and expenses of CPT Group, the Claims Administrator.

**In view of the foregoing, it is hereby RECOMMENDED that:**

A. The Stipulation of Settlement [Doc. 691-1] shall be fully and finally approved, and the Stipulation of Settlement shall be effective, binding, and enforced according to its terms and conditions unless otherwise modified herein.

B. Each member of the Class, on its own behalf and on behalf of those who directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have Released Claims, as defined in paragraph III G. of the Stipulation of Settlement, shall be deemed to have and shall have absolutely and unconditionally released and forever discharged with prejudice the Released Parties from all Released Claims. Each member of the Class is hereby permanently barred and enjoined from asserting any Released Claims. Pursuant to the terms of the Settlement, the "Released Parties" are the Defendants and any of their respective present or former parents, subsidiaries, affiliates, related business entities and all of their employees, officers, agents, attorneys, insurers, stockholders, predecessors, successors and assigns, partners and shareholders and any individual or entity which could be jointly liable with Defendants.

C. All members of the Class are permanently barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any Released Party.

D. Payments shall be made to the Class Members in accordance with the Plan of Allocation described in the Stipulation of Settlement. The Court directs that the Settlement Fund, less attorneys' fees, expenses, and Class Representative Enhancements, be distributed to the class members entitled thereto pursuant to the process set forth in the Stipulation of

Settlement. Notwithstanding the deadline of forty-five (45) days after receipt of Notice in which to submit claims set forth in the Stipulation of Settlement, the Claims Administrator is hereby ordered to pay all otherwise valid claims which were submitted on or before September 9, 2015.

E. Class Counsel shall hereby be awarded attorneys' fees of one-third or $2,750,000 of the Settlement Fund ($8,250,000 million) to be paid from the Gross Settlement Fund.

F. Class Counsel shall hereby be additionally awarded $284,682.51 out of the Gross Settlement Fund as reimbursement for the expenses incurred in the prosecution of this lawsuit.

G. The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Stipulation of Settlement. Class Counsel shall allocate the fees and expenses among themselves.

H. The Class Representatives, John W. Cromeans, Jr., Robert Benisch, and Elkton Bank and Trust Company, shall be paid $10,000 apiece from the Gross Settlement Fund as compensation for their effort, time and expense incurred in connection with their prosecution of this Action, in addition to whatever monies each Class Representative will receive from the Gross Settlement Fund pursuant to the Plan of Allocation.

I. The Action shall be dismissed as against the Defendants, with prejudice and without costs, except as set forth in the Stipulation of Settlement and this Order.

J. Without affecting the finality of this Order or entry of judgment in any way, the Court shall hereby retain continuing and exclusive jurisdiction over the Stipulation of Settlement and Plan of Allocation, including disputes or other issues relating to: (a) the administration, consummations, interpretation, and enforcement of the Stipulation of Settlement; (b) the implementation of the Stipulation of Settlement and any award or distribution of the Settlement Fund; (c) the disposition of the Settlement Fund and implementation of the Plan of Allocation;

and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties are reminded that they have 14 days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to timely file and serve objections shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 16th day of September, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge