IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN W. CROMEANS., JR., Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:12-CV-04269-NKL |
| v. | ) ) | |
| MORGAN KEEGAN & CO., INC., et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs move to compel the settlement administrator to proceed to make payments to class members who have submitted valid proofs of claim. Doc. 740. Morgan Keegan takes the position that the settlement administrator cannot do so while Plaintiffs' appeal is pending before the Eighth Circuit and that this Court lacks jurisdiction to enter such an order. Plaintiffs' motion to compel is granted.

**I. Background**

Under the Court-approved settlement, Plaintiffs' attorneys have already been paid fees and expenses, and the settlement administrator is prepared to disburse about $4.4 million to class members who have submitted valid claims.

However, the process has been delayed by a post-settlement dispute between the parties. Plaintiffs have claimed that Defendants were required under the settlement agreement to deposit more money for payments to class members. Specifically, Plaintiffs claimed that some of the bonds at issue were sold after the class period and are now held by non-class members, so those bonds could not be tendered as part of the claims process. Plaintiffs therefore argued that

Defendants owe an additional $411,618 to the class. Doc. 719. The Court has rejected Plaintiffs' argument and ruled that Defendants do not owe the class an additional $411,618. Docs. 732 and 737. Plaintiffs appealed the Court's ruling to the Eighth Circuit and that appeal is pending. When Plaintiffs appealed, Defendants took the position that the terms of the settlement agreement stayed all further administration of the settlement pending final resolution of the appeal, including disbursement by the settlement administrator of the $4.4 million, prompting Plaintiffs to file the motion to compel, Doc. 740.

The relevant terms of the settlement agreement are as follows:

> D. PRELIMINARY APPROVAL
>
> … In the event an appeal is filed from the Court's Judgment[1] that challenges the terms of the settlement, other than the amount of the Plaintiffs' Attorneys' Fees award, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review. In the event an appeal is filed that is limited to a challenge regarding the amount of the Plaintiffs' Attorneys' Fees and the Court or applicable appellate court certifies that this is the sole issue raised by the appeal, the administration of the Settlement shall proceed in all respects with the exception of the payment of Attorneys' Fees at issue. In the event there is an appeal limited to the Plaintiffs Attorneys' Fees and/or Costs, the amount awarded to Plaintiffs' Counsel in Fees and/or Costs that is the subject of the appeal shall remain in the interest bearing account at a federally insured banking institution as described in Section III.R(S) below. All interest earned on the amount shall inure to the benefit of Class Counsel. If the appeal is successful, any interest earned on the amount of Fees and/or Costs not awarded to Class Counsel shall be distributed to Authorized Claimants on a pro rata basis. [emphasis added] [Doc. 691-1, pp. 12-13 of 66.]
>
> \*\*\*
>
> L. NOTICE/APPROVAL OF SETTLEMENT, SETTLEMENT IMPLEMENTATION

---

[1] "Judgment" was defined as "the Judgment and Order Re: Final Approval of Class Action Settlement issued by the Court." Doc. 691-1, p. 8 of 66.

… (3) The Parties agree that neither they nor their counsel will solicit or otherwise encourage directly or indirectly Class Members to object to the Settlement or <u>appeal from the Court's Judgment</u>. Defendants agree that they will not discourage, either directly or indirectly, Class Members from submitting a Claim Form. [emphasis added] [*Id*., p. 21 of 66.]

***

T.   APPEAL WAIVER

The Plaintiffs, individually, Class Members, Defendants, all attorneys for the Class Representatives and the Class, and all attorneys for the Defendants <u>hereby waive any and all rights to appeal the Court's Judgment, this waiver being contingent upon the Court entering a Judgment that is consistent with the terms set forth in this Agreement</u>.  This waiver includes waiver of all rights to any post-judgment proceeding and appellate proceeding, including but not limited to, motions to vacate judgment, motions for new trial, and extraordinary writs.  The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings, if any. The waiver does not include any waiver of the right by Plaintiffs' Counsel to challenge any ruling on Plaintiffs' Counsel's application for award of attorneys' fees and costs.  [emphasis added] [*Id.*, pp. 29-30 of 66.]

***

R.   SETTLEMENT PAYMENTS

… (7)  Transfer of Funds to Claims Administrator.  Within ten (10) calendar days of the Court granting final approval of this Settlement, Defendants shall cause to be transferred to the Claims Administrator an amount equal to the Settlement Payments to Authorized Claimants who are referenced above in Section III.R.(6)(b), Attorneys' fees awarded by the Court not to exceed 33 113% of the Gross Settlement Amount, costs awarded by the Court not to exceed $270,000, and Class Representative Enhancements not to exceed $30,000.  <u>In the event of any appeal, the Claims Administrator shall transfer back to Morgan Keegan any amounts that had previously been deposited therewith to be held by Morgan Keegan in an interest-bearing account pending the appeal.</u>  [emphasis added] [*Id.*, pp. 27-28 of 66.]

3

With respect to the Court's jurisdiction after entry of judgment, the settlement agreement provides:

> [] After entry of the Judgment, the Court shall have continuing jurisdiction over the Litigation solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Class Final Judgment matters as may be appropriate under court rules or applicable law. [Doc. 691-1, p. 21 of 66.]

The order approving settlement also provided that the Court will retain jurisdiction after entry of judgment, as follows:

> Without affecting the finality of this Order or entry of judgment in any way, the Court shall hereby retain continuing and exclusive jurisdiction over the Stipulation of Settlement and Plan of Allocation, including disputes or other issues relating to: (a) the administration, consummations, interpretation, and enforcement of the Stipulation of Settlement; (b) the implementation of the Stipulation of Settlement and any award or distribution of the Settlement Fund; (c) the disposition of the Settlement Fund and implementation of the Plan of Allocation; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

Doc. 715, pp. 7-8 (Report and Recommendation), and Doc. 719 (Order adopting and approving R & R).

## II. Discussion

### A. Jurisdiction

As set out above, the Court expressly retained continuing jurisdiction over the settlement, including enforcement of the settlement agreement and addressing settlement administration matters. The reservation plainly covers Plaintiffs' present motion to compel, and provides the Court continuing jurisdiction to resolve such dispute. *See Harris v. Ark. State Hwy. and Transp. Dep't,* 437 F.3d 749, 751 (8th Cir. 2006) (express reservation of jurisdiction to enforce settlement provided the district court with continuing jurisdiction to do so) (citing *Gilbert v. Monsanto Co.,*

4

216 F.3d 695, 700 (8th Cir. 2000)). Nonetheless, Morgan Keegan argues that the reservation of jurisdiction does not mention whether jurisdiction continues after an appeal. However, the express reservation of jurisdiction broadly covers post-judgment settlement matters and this is a post-judgment settlement dispute. Absent an express limitation to the Court's jurisdiction after appeal, the broad jurisdictional authority contained in the settlement agreement prevails.

Of course, the parties cannot confer subject matter jurisdiction on a court by agreement. But contrary to Morgan Keegan' argument, Plaintiffs' appeal of the order denying the motion to enforce settlement has not divested the Court of actual jurisdiction. Generally, "'[t]he filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (*quoting Liddell v. Bd. of Educ. of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996)). "'[T]he mere pendency of an appeal does not, in itself, disturb the finality of a judgment.'" *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1039-40 (N.D. Iowa 2004) (quoting *Wedbush, Noble, Cooke, Inc. v. S.E.C.,* 714 F.2d 923, 924 (9th Cir. 1983)). Thus, as long as the order or judgment has not been superceded or stayed, it "'remains fully in effect, and [the court that entered it] retains authority to enforce" it. *Id.* (quoting ALLEN IDES, THE AUTHORITY OF A FEDERAL DISTRICT COURT TO PROCEED AFTER A NOTICE OF APPEAL HAS BEEN FILED, 143 F.R.D. 307, 323 (Nov. 1992)); *see also Huey v. Sullivan,* 971 F.2d 1362, 1367 n. 6 (8th Cir. 1992) (same). The district court simply may not "take any action that would undermine, enlarge, or otherwise alter the status of the case on appeal." *Id.* (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir. 1987)); *see also* 143 F.R.D. 307, 325 (same).

In this case, neither the judgment nor any post-settlement orders have been superceded or stayed, whether by this Court or the Eighth Circuit. Furthermore, Morgan Keegan has not shown

5

how a ruling on Plaintiffs' motion to compel could undermine, enlarge, or otherwise alter the status of the case on appeal. The issue on appeal concerns whether Defendants are liable to pay an additional $411,618 toward class members' claim payments, on top of the approximately $4.4 million Defendants will pay pursuant to the settlement agreement. Defendants do not dispute their liability to pay the $4.4 million. In short, whatever happens with regard to the additional $411,618, Defendants are required to pay the $4.4 million to the class members.

Although Morgan Keegan argues that both the present motion and Plaintiffs' pending appeal involve interpretation of the settlement, the comparison is so general as to swallow the rule that permits a district court to exercise authority to enforce a judgment or control the proceedings while an appeal is pending, as long as doing so does not alter the status of the case on appeal.

Accordingly, the Court concludes it has jurisdiction to rule on the present motion.

### B. The settlement agreement and stays of settlement administration

The parties do not argue that the language of the agreement is ambiguous. They simply disagree as to its meaning with respect to the provisions concerning the effect of an appeal. A settlement agreement is a contract. *Precision Investments, LLC v. Cornerstone Propane, LP,* 220 S.W.3d 301, 303 (Mo. 2007) (en banc) (citations omitted). Interpretation of a "settlement agreement is governed by the same principles applicable to any other contractual agreement, and the primary rule of construction is that the intention of the parties shall govern." *Andes v. Albano,* 853 S.W.2d 936, 941 (Mo. 1993) (en banc) (citations omitted). Generally, where the language of an agreement is plain and unambiguous, that language will be given full effect in the context of the agreement as a whole. *Id.* (citation omitted).

Reading the settlement agreement as a whole and giving effect to its plain language, the

6

Court concludes that Plaintiffs' pending appeal does not operate to stay settlement administration, specifically, payment of the $4.4 million in claims to class members. The agreement reflects the parties' focus on approval of the settlement, and potential challenges to the Court's Judgment. The parties expressly planned for how to manage settlement administration "in the event an appeal is filed from the Court's Judgment … challeng[ing] the terms of the Settlement[.]" In such a case, the parties agreed, "administration of the Settlement shall be stayed." To maximize the chances of a successful settlement, the parties further agreed that they would neither encourage class members to object to the settlement, nor appeal from the Court's Judgment themselves, and to waive "any and all rights to appeal the Court's Judgment," provided that the Court approved the settlement as proposed. The Court did approve the settlement, and no one subsequently challenged its terms through an appeal of the Court's Judgment. These sections make it clear that a stay was to occur only if the Court's Judgment was appealed.

Finally, the agreement provides that "[i]n the event of any appeal, the Claims Administrator shall transfer back to Defendants any amounts that had previously been deposited therewith to be held by Morgan Keegan in an interest-bearing account pending the appeal." This provision is titled "(7), Transfer of Funds to Claims Administrator," and in the context of the agreement as a whole, it is fairly read only as a provision for the mechanics of how to handle funds of the settlement and not an expansion of the earlier-discussed stay provisions. While this section only refers to "appeal" and not an appeal from the Court's Judgment, one would not expect a later section dealing only with the mechanics of fund transfers to expand the earlier stay provisions that limited such stays to appeals taken from the Court's Judgment. None of the

7

provisions prior to (7), Transfer of Funds to Claims Administrator, referred to stays for all appeals.

Morgan Keegan focuses on part of the quoted language in the settlement—"in the event an appeal is filed" and "administration of the Settlement shall be stayed," Doc. 742, p. 9—failing to account for the qualification that the appeal be "from the Court's Judgment."  But the Court must give effect to all parts of a contract where possible. *Goldstein and Price, L.C. v. Tonkin & Mondi, L.C.,* 974 S.W.2d 543, 552 (Mo. Ct. App. 1998) (citing *Harris v. Union Electric Co.,* 622 S.W.2d 239, 248 (Mo. Ct. App. 1981)).  A construction that gives a reasonable meaning to all of a contract's provisions is preferred to one that leaves a portion of it useless or inexplicable.  *Id.*  Here, the Court cannot overlook that the parties qualified their agreement to a stay by reference to appeals from the Court's Judgment, and the Court will not rewrite the agreement.

In view of the foregoing, Plaintiffs' present appeal does not trigger a stay of settlement administration.

## II. Conclusion

Plaintiffs' Emergency Motion to Compel Settlement Administrator to Make Payments to Class Members, Doc. 740, is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  July 18, 2016
Jefferson City, Missouri